UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SURRINDER ARORA,

       Plaintiff,                          Case No. 2:15-cv-13137

v.                                            HONORABLE STEPHEN J. MURPHY, III

HENRY FORD HEALTH SYSTEM, et al.,

       Defendants.
                                        /

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT [60] AND GRANTING DEFENDANTS' MOTION TO DISMISS [58]**

On July 16, 2015, pro se plaintiff Surrinder Arora filed a four-count complaint in Oakland County Circuit Court against defendants Henry Ford Health System, Henry Ford System Plan for STD Benefits, Henry Ford System Plan for LTD Benefits, Gerard van Grinsven, Debbie Chapman, and Bea Page (collectively "HFHS"), Life Insurance Company of North America ("LINA"), and five John Does ("Doe Defendants").[1] ECF 1-1. HFHS removed the action to the Court on September 2, 2015. ECF 1.

On November 12, 2015, the Court dismissed LINA from the case. ECF 24. Arora filed a Motion for Leave to File First Amended Complaint on November 23, 2015. ECF 31. The Court granted the motion on September 27, 2016, ECF 56, and HFHS filed a Motion to Dismiss on November 1, 2016, ECF 58. On November 22, 2016, Arora responded to the Motion to Dismiss, ECF 59, and filed a Motion for Leave to File Second Amended

---

[1] The Doe Defendants were dismissed from the case. ECF 28. Arora later included Bruce Jones, Kathy Oswald, and Cindy Hodges Harrison as Defendants in her proposed Second Amended Complaint. ECF 60, PgID 1892. While Arora distinguished between "Original Defendants" and "New Defendants", *id.*, the Court will refer to all the defendants as "HFHS."

Complaint, ECF 60. The Court will deny Arora's Motion for Leave to File Second Amended Complaint and will grant HFHS's Motion to Dismiss.

## BACKGROUND

On or about July 1980, HFHS allegedly offered Arora a position as a medical technologist. ECF 60, PgID 1895. The terms of employment were allegedly contained in the terms and conditions of HFHS's internal policies and procedures. ECF 60, PgID 1896–97. Arora performed her duties effectively and received positive reviews. ECF 60, PgID 1897; *see also* ECF 57, 57–1.

On April 3, 2009, Arora underwent scheduled surgery at HFHS. ECF 60, PgID 1897. The surgery allegedly left Arora disabled. *Id.* As result of the disability, April 2, 2009 was her final day of work. *Id.* Arora sought, and received, a "Disability Program Process Summary" from HFHS's Human Resources ("HR") Department. *Id.* at 1898, 1931. On May 5, 2009, Arora applied for a Medical Leave of Absence ("MLOA") with the start date of the MLOA as the date of her surgery, April 3, 2009. ECF 60, PgID 1929. She allegedly never received any information about the Family and Medical Leave Act ("FMLA") and was unaware of her eligibility status under the FMLA. *Id.* at 1902.

Later, on June 17, 2009, Arora's physician allegedly authorized her to return to work on a part-time basis. *Id.* at 1899. Arora then contacted the secretary of the lab where she had worked and Denise Chapman, her manager. *Id.* The next day, June 18, 2009, Arora's supervisor, Linda Cardine, allegedly informed Arora that she had been scheduled for part-time work on June 26 and July 3, 4, and 5, 2009. *Id.* For one month, Arora could allegedly maintain her full-time status despite only working two days a week because she had accumulated 96 "CTO" hours. *Id.* at 1900. On June 24, 2009, however, Chapman allegedly

left a voicemail for Arora; she was told not to come in to work on June 26, *id.* at 1899–1900, and her employment ended for good that day. *Id.* at 1900.[2]

As a result of the termination, Arora's "health, emotional and financial state" were "completely disrupted." *Id.* Arora allegedly never received "12 weeks of unpaid leave" to which she was entitled. *Id.* at 1901. Arora's age—she was 62 at the time—and her "deep emotional, physical, mental and financial shock and extreme stress" rendered her unable to find even part-time work. *Id.* at 1900–01. Arora allegedly attempted to appeal her termination decision multiple times, but was "forced into a non-voluntary retirement" in April 2010. *Id.* at 1902. The lawsuit followed.

The First Amended Complaint contained eight claims: three beach of contract counts, and one claim each of fraud, negligence, intentional infliction of emotional distress, conspiracy, and respondeat superior. ECF 57. Arora's Motion for Leave to File Second Amended Complaint alleges "significant factual developments that have occurred" since the original filing and the First Amended Complaint.[3] ECF 60, PgID 1884. The Second Amended Complaint contains eight slightly modified claims: two counts each of fraud and breach of contract, and one count each of negligence, intentional infliction of emotional distress, conspiracy, and damages under respondeat superior. ECF 60.

---

[2] Arora's timeline for her termination is unclear. She repeatedly refers to the phone call with Denise Chapman on June 25, 2009 as the end of her employment. But in her March 2010 letter to HFHS CEO Gerard Van Grinsven, Arora claims that Bea Page, a member of HFHS's HR Department, told her that she could remain on a "MLOA" list for one year. ECF 57, PgID 1595. That allegedly made Arora fear her termination would occur on or about April 1, 2010. *Id.* at 1593, 1595–97.

[3] The significant factual event appears to be Arora's receipt of her personnel file from HFHS on or about August 11, 2015. ECF 60, PgID 1885–86. That date preceded the filing of her First Amended Complaint in October 2016. ECF 57.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a court should "freely give leave" for a party to file an amended complaint "when justice so requires." District courts can, however, deny a motion for leave to amend on the basis of "undue delay, bad faith or dilatory motive ... [or] futility of amendment." *Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Amending would be futile if a proposed amendment would not survive a motion to dismiss." *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014). Accordingly, the proposed amended pleading must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The plaintiff is obliged to provide "more than labels and conclusions[.]" *Twombly*, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation[.]" *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## DISCUSSION

I. <u>The Proposed Second Amended Complaint is Futile on its Face</u>

Arora asserts that the proposed Second Amended Complaint does not allege "any claims against LINA." ECF 60, PgID 1894. But she has nevertheless included LINA as a "necessary party" because "LINA has the documents and information as to wrongful acts and omissions" of HFHS and its employees. *Id.* In Count Seven, Arora alleges in a conclusory manner that HFHS conspired with LINA to deprive Arora of "Accommodation Services." *Id.* By including LINA, a previously dismissed party, in her proposed Second Amended Complaint, the proposed complaint is futile on its face.

4

Nevertheless, recognizing that Arora is a pro se plaintiff, "necessary party" is a legal term of art, and courts should freely grant leave to amend, the Court will address the other claims advanced by Arora in the proposed Second Amended Complaint.

II. The Proposed Second Amended Complaint is Futile on the Merits.

    A. Arora's first fraud count fails to state a claim upon which relief can be granted.

Arora alleges that HFHS employees "intentionally, illegally, maliciously and fraudulently destroyed" personnel documents dated after April 2009. ECF 60, PgID 1907. She further alleges that supervisory employees knew or should have known of the destruction. *Id.* While Arora captioned the claim as "fraudulent destruction," she references two sections of ERISA for authoritative support.[4] *Id.* at 1906–07.

When alleging fraud, a party "must state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). Moreover, "[a]n allegation of time or place is material when testing the sufficiency of a pleading." Fed. R. Civ. P. 9(f). Arora does not allege particularized circumstances constituting alleged fraud. She does not specify the time or place of any alleged wrongdoing. The allegations amount to no more than "naked assertions devoid of further factual enhancement" and are therefore insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Count One fails to state a claim for which relief can be granted. Amendment is futile.

    B. Arora's second fraud count fails to state a claim upon which relief can be granted.

---

[4] Arora refers to "ERISA Section 107" and "ERISA Section 209." ECF 60, PgID 1906–07. The cited sections are 29 U.S.C. § 1027 and 29 U.S.C. § 1059; both contain record-keeping requirements for employee benefit plans. Neither section is applicable here.

5

Arora alleges that defendants "fraudulently concealed their interference with Plaintiff's rights under FMLA." ECF 60, PgID 1910. Arora further alleges that she "was an eligible employee under the FMLA; Defendant-employer HFHS was subject to the requirements of the FMLA; Plaintiff was entitled to leave under the FMLA; she kept HFHS informed in [a] timely manner as to her continued disability from April 3, 2009 and she was denied the benefits to which she was entitled under the FMLA." *Id.* The pleading fails as a fraud claim for lack of specificity under Rule 9 for the reasons stated above.

Count Two, however, attempts to also state a claim for violation of the FMLA. The alleged FMLA violation lacks facts to raise a right to relief above a speculative level and is time-barred by the statute of limitations. An employee must file a lawsuit, "within two years after the last action which the employee contends was in violation of the Act, or three years if the violation was willful." 29 CFR § 825.400(b). The case was filed in July 2015, six years after the last alleged violation in June 2009. Count Two fails to state a claim for which relief can be granted.

C. Arora's breach of contract counts fail to state claims upon which relief can be granted.

Counts Three and Four allege breaches of contract. To recover for breach of contract under Michigan law, a plaintiff must allege and prove: "(1) the existence of a contract between the parties, (2) the terms of the contract[,] (3) that a party breached the contract, and (4) that the breach caused the other party injury." *Owens v. Rodale. Inc.*, No. 14–12688, 2015 WL 575004, at *4 (E.D. Mich. Feb. 11, 2015) (quoting *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999)).

Plaintiff must first "identify a specific contract that was allegedly breached." *Id.; see*

6

*also Halaburda v. Bauer Pub. Co., LP*, No. 12–CV–12831, 12–CV–14221, 2013 WL 4012827, at *8 (E.D. Mich. Aug. 6, 2013) ("Without the identification of a contract allegedly breached by defendants, this count in each of the complaints is subject to dismissal for failure to state a claim."). The two agreements alleged by Arora are not contracts.

One alleged contract ("T&C") is comprised of the terms and conditions of HFHS's "<u>internal policies and procedures</u>." ECF 60, PgID 912. Arora alleges that she "reasonably assumed" that the HR materials were binding on [the] parties" because the terms and conditions "had all the elements of a legal, binding contract." *Id.* at 1913. But the HR manuals and policies explicitly discount that assertion.

The HFHS Employee Reference Guide includes an acknowledgment form, signed by Arora, ECF 58, PgID 1735, and says: "I understand the policies included in this guide do not extend any contractual obligations on the part of HFHS." ECF 58-3, PgID 1807.[5] The Employee Reference Guide similarly says that nothing in the guide, "in official documents or in employment interviews, constitutes an expressed or implied contract of employment" binding HFHS or individual employees. ECF 58-4, PgID 1812. The HR Policy Manual makes a similar disclaimer: "**<u>POLICY MANUAL IS NOT A CONTRACT</u>**" it should not "be construed as an employment contract, promise of employment or promise of benefits" because "employment is considered to be 'at will' and is terminable without cause, at the discretion of the employer or the employee, at any time." ECF 58-5. PgID 1869–70

---

[5] Arora's proposed Second Amended Complaint relies upon "Defendant's submission: ECF # 58, on pages 12–13" to support the existence of the T&C. ECF 60, PgID 1912. Documents that are not formally incorporated by reference or attached to a complaint "may still be considered part of the pleadings . . . when [the] document is referred to in the complaint and is central to the plaintiff's claim." *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

(emphasis in original). Provisions outlined in employee materials "will not create enforceable rights when the handbook expressly states that such provisions are not intended to create an employment contract." *Lytle v. Malady*, 458 Mich. 153, 169 (1998). Therefore, the HR Policy Manual, the Employee Reference Guide, and other HR policies cannot support a breach of contract claim. Arora has failed to plead the existence of a contract that is plausible on its face.

The "Disability Program Process Summary" constitutes the second alleged contract ("Disability Summary"). ECF 60, PgID 1931. The Disability Summary outlines the process for receiving disability benefits form CIGNA and an employee supervisor's role in the process. *Id.* The document lacks any of the elements of a contract like the names of parties to the contract, legal consideration, mutuality of agreement, or mutuality of obligation. *See In re Brown*, 342 F.3d 620, 628 (6th Cir. 2003) (citing *Thomas v. Leja*, 187 Mich. App. 418, 422 (1991)).

Even if Arora successfully pleaded the existence and breaches of contracts, the statute of limitations has expired. Lawsuits seeking "to recover damages or sums due" for breach of employment contracts must be brought within six years. *See* Mich. Comp. Laws § 600.5807(8). The cause of action for breaches of an employment contract begins to accrue on the date of the employee's effective discharge. *Shah v. Nu-Kote Intern., Inc.*, 898 F. Supp. 496, 504–05 (E.D. Mich. 1995); *see also Am. Fed. of State, Cty. and Mun. Emps., AFL-CIO, Mich. Council 25 and Local 1416 v. Bd. of Educ. of the Sch. Dist. of the City of Highland Park*, 457 Mich. 74, 90 (1998) ("A claim accrues, for purposes of the statute of limitations, when suit may be brought . . . [and] begins to run on the date of the contract breach."). The most recent alleged breach of the T&C occurred on June 24, 2009 when

Chapman allegedly violated the FMLA.[6] *Id.* at 1916. The most recent alleged breach of the Disability Summary occurred on or about April 29, 2009.[7] *Id.* at 1913. Arora filed her suit on July 16, 2015, ECF 1-1, PgID 12, more than six years after the alleged breaches of contract. The breach of contract claims are time-barred by Mich. Comp. Laws § 600.5807(8).

> D. Arora's negligence count fails to state a claim upon which relief can be granted.

The elements of negligence include: "duty, breach of that duty, causation, and damages." *Brown v. Brown*, 478 Mich. 545, 552 (2007). "'Duty' is defined as the legal obligation to conform to a specific standard of conduct in order to protect others from unreasonable risks of injury." *Lelito v. Monroe*, 273 Mich. App. 416, 419 (2006). Arora alleges that "Original [Defendants] had [a] legal duty and obligation to preserve Plaintiff's" personnel records pursuant to the file retention laws.[8] ECF 60, PgID 1919. The defendants allegedly "neglected said duty and obligation." *Id.*

Again, Arora fails to assert facts to support the claims. She cursorily alleges that HFHS "neglected [their] said duty and obligation." *Id.* ERISA's record-keeping requirements do not impose a duty on HFHS to retain personnel documents. Arora does not identify any

---

[6] Arora alleges elsewhere that the breach of contract occurred on June 26, 2009, ECF 60, PgID 1919, but that would have been the day she returned to work, ECF 60, PgID 1916, 1917, and not the day of the last alleged employment action taken by HFHS.

[7] On April 29, 2009, Arora received a fax of the Disability Summary from defendant's HR unit. She does not allege any facts after that date that could be construed as a breach of contract.

[8] This references the previously mentioned inapplicable ERISA sections.

9

other duty owed to her by HFHS. Containing solely legal conclusions, Count Five fails to state a claim for which relief can be granted.

>    E.   Arora's intentional infliction of emotional distress count fails to state a claim upon which relief can be granted.

The elements of intentional infliction of emotional distress include: "(1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress." *Johnson v. Wayne Cty.*, 213 Mich. App. 143, 161 (1995) (quoting *Duran v. Detroit News, Inc.*, 200 Mich. App. 622, 629–30 (1993)). The complained-of conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency . . . and utterly intolerable in a civilized community." *Haverbush v. Powelson*, 217 Mich. App. 228, 234 (1996). A plaintiff must allege "sufficient facts to meet the elements of the tort of intentional infliction of emotional distress." *Johnson*, 213 Mich. App. at 160.

Arora alleges that "[d]efendants' conduct was extreme and outrageous" and the "[d]efendants' intentional and reckless conduct" caused injury to plaintiff. ECF 60, PgID 1920–21. There are no facts alleging extreme or outrageous conduct. Arora offers only legal conclusions. Legal conclusions unsupported by facts are insufficient to raise a claim to relief above a speculative level. Count Six fails to state a claim for which relief can be granted.

>    F.   Arora's conspiracy count fails to state a claim upon which relief can be granted.

A civil conspiracy is defined as "a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a purpose not unlawful by criminal or unlawful means." *Fenestra Inc. v. Gulf Am. Land Corp.*, 377

Mich. 565, 593 (1966).

Arora alleges in a conclusory manner that HFHS conspired with LINA to deprive Arora of "Accommodation Services." ECF 60, PgID 1922, ¶ 131.[9] LINA has already been dismissed from the case. Regardless, Arora has not alleged facts of concerted action between HFHS and LINA, and Count Seven fails to state a claim for which relief can be granted.

    G.    Arora's assertion of a respondeat superior count fails to state a claim for which relief can be granted.

Respondeat superior is not an independent cause of action, but rather a basis for a principal's vicarious liability for its agents' actions. *O'Bryan v. Holy See*, 556 F.3d 361, 370 n.1 (6th Cir. 2009). Count Eight fails to state claim for which relief can be granted.

II.    <u>HFHS's Motion to Dismiss First Amended Complaint Should Be Granted</u>

The claims in the proposed Second Amended Complaint that are identical to claims in the First Amended Complaint (analyzed above) cannot survive a motion to dismiss in either context. As to claims that differ between the two proposed amended complaints, the Court addresses them within the parameters of HFHS's pending Motion to Dismiss. ECF 58.

    A.    Arora's breach of contract counts fail to state claims for which relief can be granted.

Counts One, Two, and Three of the First Amended Complaint allege violations of "Employment Agreements" rather than of the "T&C" or "Disability Summary" as are alleged in the proposed Second Amended Complaint. ECF 57, PgID 1571, 1573, 1575.

---

[9] Arora nevertheless asserts that the proposed Second Amended Complaint does not allege "any claims against LINA." ECF 60, PgID 1894.

11

Count One of the First Amended Complaint for breach of contract differs from Count Three only in that change of language. Count Two of the First Amended Complaint for breach of contract differs from Count Four of the proposed Second Amended Complaint in the change of language and because the First Amended Complaint makes no reference to the FMLA. Otherwise, the claims both allege that HFHS breached a contract by not returning Arora to work services. Count Three of the First Amended Complaint alleges that HFHS breached Arora's "Employment Agreements" by failing to "resolv[e] the contradiction between LINA's own conclusion that [Arora] was not disabled beyond June 25, 2009 and HFHS's own conclusion that [Arora] remained disabled for an extended time beyond July 25, 2009." ECF 57, PgID 1575.

Arora draws legal conclusions that are unsupported by any factual allegations. Her breach-of-contract claims fail to allege the existence of a contract. And, even if there were a contract, the claims would be time-barred by the statute of limitations. All three counts fail to state claims for which relief can be granted.

      B.     Arora's fraud count fails to state a claim upon which relief can be granted.

Count Four of the First Amended Complaint is the same claim as Count One of the proposed Second Amended Complaint. "HFHS Defendants have intentionally, maliciously and fraudulently not maintained or have destroyed post April 2009 Documents" in Arora's personnel file. ECF 57, PgID 1577.[10] For failure to properly plead pursuant to Rule 9, as addressed *supra*, in section II.A., Count Four fails to state a claim for which relief can be

---

[10] *Cf.* Defendants "have intentionally, illegally, maliciously and fraudulently destroyed" post-April 2009 documents from Arora's personnel file. ECF 60, PgID 1907.

granted.

      C.      Arora's negligence count fails to state a claim upon which relief can be granted.

While some of the language differs between the First Amended Complaint and the proposed Second Amended Complaint, the allegations remain essentially the same: HFHS negligently failed to maintain Arora's personnel file. Count Five of the First Amended Complaint alleges that HFHS "neglected and failed their due care duties and obligations" to accurately maintain Arora's personnel file. ECF 57, PgID 1580. Arora became aware of the "total negligence" in August 2015 and asserts that "said negligence constitutes actionable negligence[.]" ECF 57, PgID 1580. By failing to plead facts alleging a duty—or the other elements of a negligence claim—Count Five fails to state a claim for which relief can be granted.

      D.      Arora's intentional infliction of emotional distress count fails to state a claim upon which relief can be granted.

While some of the language differs between the First Amended Complaint and the proposed Second Amended Complaint, the allegations remain the same: HFHS violated Arora's rights, prevented her return to work, destroyed her personnel file, and thus intentionally inflicted emotional distress on Arora. ECF 57, PgID 1582. Arora fails to plead facts raising a right to relief for intentional infliction of emotional distress above the speculative level. Count Six fails to state a claim for which relief can be granted.

      E.      Arora's conspiracy count fails to state a claim upon which relief can be granted.

The conspiracy claim in the First Amended Complaint alleges that HFHS's employees "knowingly and willfully conspired and agreed *among themselves* to destroy

only post April 2009" documents from Arora's personnel file. ECF 57, PgID 1584 (emphasis added). A civil conspiracy requires concerted action between two or more persons. *Fenestra*, 377 Mich. at 593. A "corporation cannot conspire with itself . . . it is the general rule that the acts of the agent are the acts of the corporation." *Upton v. City of Royal Oak*, 492 F. App'x. 492, 504 (6th Cir. 2012) (quotation omitted). Where multiple defendants "are members of the same collective entity, there are not two separate 'people' to form a conspiracy." *Id.* Accordingly, Count Seven fails to state a claim for which relief can be granted.

F. Arora's allegation under respondeat superior.

Count Eight, fails to state a claim for which relief can be granted because respondeat superior is not an independent cause of action. *O'Bryan*, 556 F.3d at 370 n.1.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Arora's Motion for Leave to File a Second Amended Complaint [60] is **DENIED**. HFHS's Motion to Dismiss [58] is **GRANTED**.

It is further **ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 18, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 18, 2017, by electronic and/or ordinary mail.

s/Keisha Jackson for
David Parker, Case Manager
